**No. 23-7177**                                        **September Term, 2024**

**1:23-cv-01933-RBW**
**1:23-cv-03143-RBW**

**Filed On:** October 2, 2024

Derek L. Plummer,

       Appellant

    v.

Bottling Group, LLC, et al.,

       Appellees


------------------------------

Consolidated with 23-7178


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

    **BEFORE:**    Millett, Pillard, and Pan, Circuit Judges

**J U D G M E N T**

These appeals were considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court order entered November 17, 2023, be affirmed. The December 21, 2023, notice of appeal was timely filed as to the November 17 order dismissing appellant's case against Bottling Group, LLC, John DeLuca, Shiby Chacko, and Joshua Haun because appellant timely sought relief from that decision, which the district court denied on December 1. See Fed. R. App. P. 4(a)(4)(A). However, by failing to address the grounds for dismissal in his opening brief, appellant has forfeited any challenge to the district court's dismissal of Civil Action No. 23-1933 as barred by the doctrine of res judicata. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004). It is

**FURTHER ORDERED AND ADJUDGED** that the district court order entered December 1, 2023, be affirmed. By failing to address the merits of the December 1 order in his opening brief, appellant has also forfeited any challenge to the district court's dismissal of Civil Action No. 23-3143 or the entry of a pre-filing injunction against

appellant.  See United States ex rel. Totten, 380 F.3d at 497.  Due to appellant's forfeiture, this decision does not address the propriety of the pre-filing injunction.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**